## HOVER v INSKEEP

Ohio Appeals, 3rd Dist, Allen Co

No 606.   Decided April 11, 1933

Walter S. Jackson, Lima, for plaintiff in error.

Cable & Cable, Lima, for defendant in error.

GUERNSEY, J.

The first principal ground of error contended for, is that the court erred in its charge to the jury on the subject as to the right of plaintiff to recover for mere fright. The charge complained of, is in the following words:

"The court now says to you that plaintiff cannot recover for mere fright. In order to enable the plaintiff to recover for fright, fright must have caused some permanent injury to the plaintiff."

This charge is erroneous, but, for the reasons hereafter mentioned, not prejudicial to plaintiff.

The right to recover for mere fright has been passed upon by the Supreme Court of Ohio in 78 Oh St 309, in the case of **Miller v The Baltimore & Ohio R. R. Co.** In the third syllabi of this case, it is held:

"No liability exists for acts of negligence causing mere fright or shock, unaccompanied by contemporaneous physical in-

jury, even though subsequent illness results, where the negligent acts complained of, are neither wilful nor malicious."

There is no evidence in the record, and no claim is made by plaintiff, that any of the acts of the defendant, complained of by plaintiff, were wilfully or maliciously done, and consequently the jury, in order to make any allowance of damages for fright, first had to find that plaintiff suffered contemporaneous physical injury. The verdict of the jury denying plaintiff recovery other than for damages to automobile, conclusively shows that it found that the plaintiff had not suffered physical injury, and therefore the question of the liability of the defendant for fright then became unnecessary for consideration by the jury. The court also is of the opinion that the finding in the verdict of "No cause of action for personal injury" is clearly intended to apply to the claim of plaintiff for personal injury, as defendant made no such claim, and amounts to a special verdict denying the claim of plaintiff for damages for personal injury.

The instruction of the court related exclusively to the right of plaintiff to recover for fright, and as, for the reasons stated above the question of such liability became unnecessary for the consideration of the jury, the error in the charge was not in any way prejudicial to plaintiff.

The second principal ground of error is that the verdict is against the weight of the evidence.

Upon an examination of the record in this case, we do not feel justified in challenging the conclusion of the jury.

A number of errors, not referred to in the briefs, are raised by petition in error. Under the rules of practice we do not feel obliged to examine into the errors unless they are pointed out in the briefs of counsel. §12248, GC.

While there were a number of occurrences during the trial of the case, in the examination of witnesses, that do not meet with the approval of this court, we do not feel that the same would be grounds to justify a reversal.

The judgment of the Court of Common Pleas will be affirmed.

Before Judges
CROW, KLINGER and GUERNSEY.